MARIE CARON, administratrix, *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Hampden.    September 23, 1896. — October 23, 1896.

Present: FIELD, C. J., MORTON, LATHROP, & BARKER, JJ.

*Death.— Negligence — Employers' Liability Act — Regulations of Railroad inadmissible in Evidence.*

At the trial of an action against a railroad company for causing the death of the plaintiff's intestate in the defendant's freight yard by the alleged negligence of a person in charge of the defendant's train, extracts from the regulations for the government of employees of the company designed to regulate the responsibilities and conduct of engineers, conductors, and brakemen in the management of trains out upon the road, and not in the freight yards, are inadmissible.

TORT, by the administratrix of the estate of Joseph Caron, for causing his death while he was in the defendant's employ as a brakeman in its freight yard at West Springfield, about nine o'clock in the evening of June 8, 1893. The declaration, which was under the employers' liability act, St. 1887, c. 270, alleged

that the intestate was killed by reason of the negligence of a person in the service of the defendant, who had at the time the charge and control of a train upon the defendant's railroad, which train was shifted over to the track upon which the intestate was working.   At the trial in the Superior Court, before *Dewey,* J., the evidence was the same as that in the former decision, reported 164 Mass. 523, except that the plaintiff offered in evidence certain extracts from a book entitled " Regulations for the government of employees of the Boston and Albany Railroad Company, to take effect March 15, 1887," the material portions of which are given in the opinion.   This book was an official publication of the Boston and Albany Railroad Company, and was in force at the time of the injury to the plaintiff's intestate.   The judge excluded the extracts; and the plaintiff excepted.   The plaintiff contended that the alleged failure of Stickles, who was the conductor of the train, to observe the above regulations, would tend to show negligence on his part, and that therefore they should have been admitted.   The judge instructed the jury, there being evidence tending to show negligence on the part of Stickles, that the plaintiff could recover therefor, but not for the negligence of the brakemen, O'Brien and Desloury.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. McClintock,* for the plaintiff.

*W. Hamilton,* ( *W. H. Brooks* with him,) for the defendant.

MORTON, J.   The plaintiff contends that the alleged failure of Stickles to observe the rules would have tended to show negligence on his part, and that therefore the rules should have been admitted.   That assumes of course, first, that the rules were intended to regulate his conduct in the circumstances under which the accident occurred, and, secondly, that his failure to observe them would render the company liable.

We are of opinion that the rules were not meant to apply to operations such as Stickles was engaged in at the time of the accident, but were designed to regulate the responsibilities and conduct of engineers, conductors, and brakemen in the management of trains out upon the road, and not in the defendant's freight yards.   This is evident, we think, from the rules them-

selves.   Thus, Rule 72 provides for the relative responsibilities of engineers and conductors on freight trains when steam is and is not used.   Rule 78 provides for the responsibility of engineers and conductors for the violation of any of the rules which govern the safety of trains.   Rule 124 provides that each freight conductor shall report himself to the yard despatcher in season to make up his train so as to start according to the time table, and shall see that the brakemen are at their posts and perform their duties.   Rule 125 requires the conductor to see that his train is provided with signals, and that they are used according to the rules; and Rule 132 relates to the duties of brakemen on heavy grades, and in applying the brakes, and requires the conductor and his men to be on top of the train when descending grades and passing switches.   It follows that the rules, being designed to apply to different circumstances, were immaterial, and were properly excluded, and it is not necessary to consider whether the defendant would have been liable for an injury due to their violation by Stickles.        *Exceptions overruled.*